UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK ZOBEL,

        Plaintiff,                          Case No. 2:14-cv-2721
    v.                                  CHIEF JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Terence P. Kemp
CONTECH ENTERPRISES, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and principals of international comity or, in the Alternative, Motion to Stay pursuant to principals of international comity pending final resolution of Defendant Contech Enterprises, Inc. ("Contech"), a Canadian entity in the midst of bankruptcy proceedings, (ECF No. 13). For the reasons that follow, Defendant's Motion to Stay is **GRANTED**.

### I. BACKGROUND

Plaintiff Mark Zobel ("Zobel" or "Plaintiff") initiated this lawsuit by filing a Complaint (the "Complaint" or "Compl.;" ECF No. 1) on December 23, 2014. Zobel is an individual residing in Dublin, Ohio. (Compl. ¶ 5.) Defendant Contech Enterprises, Inc. ("Contech") is a privately and closely held corporation organized and existing under the laws of British Columbia, Canada, with offices in Victoria, British Columbia, and Grand Rapids, Michigan. (*Id.* ¶ 6.)

In October 2015 Zobel accepted an offer to join Contech as Vice President of Sales and Marketing and purchase 643,750 shares of Contech stock in exchange for $200,000. (Zobel Aff. Ex. 1.) Zobel now claims that Contech's financial condition was repeatedly misrepresented to

him both orally and in writing, in order to fraudulently induce him into purchasing the stock. (*Id.* ¶¶ 11-13.) The Complaint alleges common law fraudulent inducement, violations of the Securities Exchange Act and Ohio statutory regulations on the sale of securities (O.R.C. § 1707 *et seq.*) and seeks recission of the stock purchase as well as compensatory and punitive damages against Contech and individual officers and shareholders thereof. (Compl. ¶¶ 24-64.) On March 21, 2016, the Court granted Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) in part, and denied in part, leaving Contech and two individual officers/shareholders of Contech as defendants in this action (ECF No. 41).

On December 23, 2014, Contech filed a proposal to reorganize pursuant to Canada's *Bankruptcy and Insolvency Act* ("BIA"). Section 69 of the Act, prevents creditors from "comenc[ing] or continu[ing] an action, execution, or other proceedings, for the recovery of a claim provable in bankruptcy." BIA § 69(1)(a). Contech then filed the instant Motion to Dismiss, or, in the Alternative, Motion to Stay (ECF No. 13; the "Motion") on May 21, 2015. Contech asserts that the Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), in conjunction with principals of international comity because as Vice President of Marketing for Contech, Zobel was "aware of [Contech's] pending insolvency." (Motion, at 3.; Def's. Reply in Supp. of Mot. to Dismiss or, in the Alternative, Mot. to Stay ("Def's Reply"), at 1; ECF No. 23.) Accordingly, Contech asserts, the Complaint is inconsistent with the procedures to commence a claim against an insolvent party as set forth in BIA § 69(1)(a). (*See* Def's Reply at 3.) Alternatively, Contech moves the Court to stay until final resolution of the Canadian bankruptcy proceedings.

## II. LAW & ANALYSIS

The Supreme Court defines the principle of international comity as:

"neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws."

*Hilton v. Guyot,* 159 U.S. 113, 163-4 (1895).

The right of comity "is no impeachment of sovereignty. It is the *voluntary* act of the nation by which it is offered, and is *inadmissible* when contrary to its policy, or *prejudicial to its interest*." *Id.* at 165 (emphasis added); *accord Cunard S.S. Co. v. Salen Reeefer Services AB*, 773 F.2d 452, 457 (2d Cir. 1985).

**A. Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level...." *Twombly,* 550 U.S. at 555. "All of the well-pleaded allegations of the complaint must be treated as true, though we need not accept Plaintiff's legal conclusions or draw unwarranted factual inferences." *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002).

"International comity is 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to

international duty and convenience, and to the rights of its own citizens or other persons who are under the protection of its laws.'" *Chavez v. Carranza*, 559 F.3d 486, 495 (6th Cir. 2009) (quoting *Hilton v. Guyot,* 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895)). "In order for an issue of comity to arise, there must be an actual conflict between the domestic and foreign law." *Id (*citing *Hartford Fire Ins. Co. v. Cal.,* 509 U.S. 764, 798 (1993)). "There is no conflict for comity purposes 'where a person subject to regulation by two states can comply with the laws of both.'" *Id* (quoting *Hartford Fire Ins. Co.*, 509 U.S. at 799)).

Contech argues that upon their filing of a notice of intention to declare bankruptcy, BIA § 69 prevents "'any creditor from 'commenc[ing] or continu[ing] an action, execution, or other proceedings, for the recovery of a claim provable in bankruptcy.'" (Motion, at 3.) Further, Contech contends that Zobel's employment as Vice President of Marketing made him aware of the corporation's pending insolvency when the Complaint was filed on the same day that Contech initiated its bankruptcy proceedings. In the alternative, Contech asserts that even if the Complaint pre-dates Contech's bankruptcy filing, Zobel did nothing to further his filing until March 25, 2015, after Contech filed for bankruptcy. Accordingly, Contech asserts, the Complaint should be dismissed.

The Court does not find the motion to dismiss well taken. The cases cited by Contech in support of the motion are procedurally different from this action, in which no judgment has been rendered over any specific party or asset at issue. *See Cunard Steamship Co. Ltd. v. Salen Reefer Srvs. AB*, 773 F.2d 452, 457 (2d Cir. 1985); *Victrix Steamship Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 711 (2d Cir. 1987). Additionally, neither § 69 of the BIA nor § 362 of the United States Bankruptcy Code provides for dismissal of an action where one of the parties is in a

4

bankruptcy proceeding. Contech has cited no supporting case law persuading the Court in its favor on this point. Accordingly, the motion to dismiss is **DENIED**.

### B. Motion to Stay

A federal court has the discretion to exercise its inherent power to stay proceedings. *Badalament, Inc. v. Mel-O- Ripe Banana Brands, Ltd.*, 265 B.R. 732, 736 (E.D. Mich. 2001). The principle of comity sets forth that a federal court should give effect to "executive, legislative, or judicial acts of another nation." *Id.* Federal courts have extended comity to foreign bankruptcy actions because comity enables "assets of [a] debtor to be disbursed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion." *Id*. A party seeking a stay based on a foreign bankruptcy court proceeding must show: "(1) the foreign bankruptcy court shares our policy of equal distribution of assets; and (2) the foreign law mandates the issuance or at least authorizes the request for the stay." *Id* (citing *Philadelphia Gear Corp. v. Philadelphia Gear de Mexico*, 44 F.3d 187, 193 (3d Cir. 1994). The determination of granting a stay in a foreign bankruptcy case, under the principle of comity does not require the foreign law to be identical to the United States but that it is not repugnant to American laws and policies. *Id.* at 737.

Courts have consistently extended comity to Canadian bankruptcy proceedings finding that the BIA contains a procedure similar to that under the United States Bankruptcy Code. *Id.* at 736-37; *Banyan Licensing, Inc. v. Orthosupport Int'l, Inc.*, No. 3:00-CV-7038, 2002 WL 31059365, at *2 (N.D. Ohio Aug. 15, 2002); *In re Davis*, 191 B.R. 577, 587 (Bankr. S.D. N.Y. 1996); *Cornfield v. Investors Overseas Services. Ltd.*, 471 F. Supp. 1255, 1259 (S.D. N.Y. 1979). Additionally, Courts have noted that the stay imposed by BIA § 69 is similar to § 362 of the U.S. Bankruptcy Code. *Id.* at 737. Courts, extending comity in bankruptcy proceedings is limited in

instances where American creditors will not be treated fairly and with due process. *Banyan Licensing, Inc.*, 2002 WL 31059365, at *1. "There is no indication that the bankruptcy proceedings in Canada do not comport with American notions of due process or that extending comity would be prejudicial to the interests of American creditors. Courts have recognized that the marshaling and equitable distribution of a Canadian debtor's assets closely resembles that available under the Bankruptcy Code." *Id.* at *2 (*quoting Badalament, Inc.*, 265 B.R. at 736-37).

Based on the principle of comity, the case against Contech should be stayed pending the bankruptcy action in Canada. The Motion to Stay is **GRANTED**. The Court notes that the stay applies only to Contech, which is in bankruptcy, not to the other defendants, who have not contended that they too are in such situation.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Stay is (ECF No. 13) is **GRANTED** and the proceedings are **STAYED** as to Contech.

**IT IS SO ORDERED.**

3-25-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**

6