UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK ZOBEL,

            **Plaintiff,**

     **v.**

CONTECH ENTERPRISES, et al.,

          **Defendants.**

Case No. 2:14-cv-2721
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mark Zobel's Motion for Reconsideration of the Court's Order Staying the Case Against Defendant Contech Enterprises, Inc., or, in the Alternative, to Lift the Stay to Establish Contech's Liability for the Sole Purpose of Pursuing Contech's Insurance Company. (ECF No. 45.) For the reasons that follow, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Mark Zobel ("Zobel") initiated this lawsuit by filing a Complaint on December 23, 2014. Zobel is an individual residing in Dublin, Ohio and Defendant Contech Enterprises, Inc. ("Contech") is a privately and closely held corporation organized and existing under the laws of British Columbia, Canada, with offices in Victoria, British Columbia and Grand Rapids, Michigan. (Complaint ("Compl.") ¶¶ 5–6, ECF No. 1.)

In October 2015 Zobel accepted an offer to join Contech as Vice President of Sales and Marketing and purchase 643,750 shares of Contech stock for $200,000. (Compl. ¶ 2; Zobel Declaration, ECF No. 14-1.) Zobel claims that Contech's financial condition was repeatedly misrepresented to him both orally and in writing, in order to fraudulently induce him into purchasing the stock. (Compl. ¶ 3.) The Complaint alleges common law fraudulent inducement,

violations of the Securities Exchange Act and Ohio statutory regulations on the sale of securities (O.R.C. § 1707 *et seq.*) and seeks recission of the stock purchase as well as compensatory and punitive damages against Contech and its individual officers and shareholders. (Compl. ¶¶ 24–64.)

On December 23, 2014, Contech filed a proposal to reorganize pursuant to Canada's *Bankruptcy and Insolvency Act* ("BIA"). Section 69 of the BIA prevents creditors from "comenc[ing] or continu[ing] an action, execution, or other proceedings, for the recovery of a claim provable in bankruptcy." BIA § 69(1)(a). On May 21, 2015, Contech filed a motion to dismiss, or, in the alternative, to stay the case pending completion of the bankruptcy proceedings. (ECF No. 13.) On February 25, 2016, Zobel sought leave to file supplemental briefing regarding Contech's insurance coverage in opposition of its motion to dismiss or stay. (ECF No. 39.) However on March 25, 2016, before the Court could formally rule on Zobel's motion, the Court agreed to stay the case until the Canadian bankruptcy proceedings were concluded. (Opinion & Order, ECF No. 42.) The Court noted that the stay only applied to Contech, and not the two individual corporate defendants. (*Id.* at 6.) The Court later denied Zobel's motion for leave to file supplemental briefing as moot. (ECF No. 56.)

On April 12, 2016, Zobel filed the instant Motion for Reconsideration, or in the Alternative, to Lift the Stay against Contech. (Plaintiff's Motion for Reconsideration ("Pl. Mot."), ECF No. 45.) Zobel seeks to lift the stay so that he may establish liability against Contech and seek recovery from its insurance company.

## II. LAW & ANALYSIS

Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Phelps v. Economus*, 2006 WL

2

1587389 at * 1 (N.D. Ohio June 7, 2006) (citation omitted). There are three circumstances in which a court may reconsider one of its earlier decisions: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error to prevent manifest injustice. *Id.*, citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Zobel bases his motion for reconsideration on information regarding Contech's insurance policy not previously considered by the Court in its Opinion and Order staying the case. Zobel claims that an insurance policy issued to Contech by Great American Insurance Group ("Great American") provides the company up to $2,000,000 in coverage for any "Loss," including judgments on any "securities claim." (Pl. Mot. at 3, ECF No. 45.) Zobel argues that his claim falls squarely within the policy's definition of "securities claim" and therefore Great American would be required to cover any judgment Zobel secures against Contech. (*Id.* (quoting Insurance Policy, ECF No. 39-2 at 15).)

Zobel contends that Ohio law would permit him to proceed directly against Great American to obtain payment if he does establish liability against Contech. Section (1) of Ohio Revised Code § 3929.06(A) first allows a plaintiff to recover from a defendant's insurance provider if the defendant was covered at the time the claim accrued. It provides:

> If a court in a civil action enters a final judgment that awards damages to a plaintiff for . . . loss to the person or property of the plaintiff . . . and if, at the time

3

> that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that . . . loss, the plaintiff . . . is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

Ohio Rev. Code § 3929.06(A)(1). Section (2) further provides that if the insurer has not paid the amount due within thirty days of entry of final judgment, "the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount." Ohio Rev. Code § 3929.06(A)(2). Zobel further interprets the terms of the insurance policy to cover his claim despite the pending bankruptcy of Contech. (Pl. Mot. at 4, ECF No. 45 (citing ECF No. 39-2 at 13, 20).) In other words, Contech's bankruptcy proceedings would not excuse Great American from paying Zobel should he succeed on his securities claims.

Zobel now asks the Court to reconsider the information previously provided in his supplemental briefing. (ECF No. 39.) Included in the supplemental memorandum was the declaration of Christopher Nolan, a principal representative of the Trustee and Receiver appointed to manage Contech's bankruptcy. Mr. Nolan asserts that Contech's marketable assets have been marshalled and liquidated, and that the only creditors who will receive payment are those with a valid security interest in Contech's assets. (Nolan Declaration ¶ 3, ECF No. 39-2.) He further asserts that there will not be sufficient proceeds for any unsecured creditors such as Mr. Zobel. Finally, he states that the Trustee does not consider the Great American insurance policy to be an asset of Contech's and therefore does not take a position with respect to Mr. Zobel's claims. (*Id.* ¶ 4.)

In response, Contech argues that

> [N]either the fact that Contech has insurance, nor that its Trustee has asserted that the insurance policy will not be liquidated through the bankruptcy, have any

effect on the key facts this Court relied on in staying this action—that Contech is currently engaged in bankruptcy proceedings, and that the principles of comity require staying litigation against Contech during the pendency of its bankruptcy. *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732, 736-37 (E.D. Mich. 2001); *Banyan Licensing, Inc. v. Orthsupport Intern., Inc.*, No. 3:00CV7038, 2002 WL 31059365, *1 (N.D. Ohio Aug. 15, 2002).

(Defendant's Response to Pl. Mot. ("Def. Resp.") at 1, ECF No. 52.) Zobel replies that the cases upon which Contech relies are inapposite to his situation. He contends that in those cases, if the court did not issue a stay, the plaintiff might receive more than other similarly-situated creditors. (Plaintiff's Reply in Support of Pl. Mot. ("Pl. Reply") at 2, ECF No. 55.) In contrast here, he argues, lifting the stay would not provide him more than his fair share of the assets because first, there are no assets available for unsecured creditors like him, and second, he is seeking payment from Contech's insurance proceeds rather than its assets. (*Id.*)

Contech further argues that its insurance company is not a party to the case, and that it would therefore make little sense for "this Court to lift the stay currently protecting Contech, a company involved in an ongoing bankruptcy, so that Plaintiff might potentially, at some time in the future, file suit against Contech's insurance company . . ." (*Id.*) Moreover, Contech asserts that the Court is not obliged to consider Zobel's supplemental briefing regarding Contech's insurance policy. (*Id.*) It claims that Contech disclosed its insurance policy to Zobel on September 18, 2015 as part of its initial disclosures, five months before Zobel called the policy to the Court's attention in his February 25, 2016 motion to supplement. Contech argues that there was no good reason for such a delay. (*Id.* at 2.) Ultimately whether or not the Court lifts the stay, Zobel will still be able to pursue his claim against Contech's insurance company after the bankruptcy proceedings have concluded.

The court has reviewed the arguments advanced by counsel and does not find a sufficiently extraordinary reason to reconsider its earlier decision staying the case. The Court

agrees that lifting the stay based on evidence "which in the exercise of reasonable diligence could have been submitted earlier" would not be appropriate. In granting the stay against Contech, the Court began by recognizing that a federal court has the discretion to exercise its inherent power to stay proceedings. *Badalament, Inc. v. Mel-O- Ripe Banana Brands, Ltd.*, 265 B.R. 732, 736 (E.D. Mich. 2001). Additionally, principles of comity instruct a federal court to give effect to "executive, legislative, or judicial acts of another nation." *Id.* Federal courts extend comity to foreign bankruptcy actions because comity enables "assets of [a] debtor to be disbursed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion." *Id.* A court will extend comity to the decision or judgment of a foreign court of competent jurisdiction if the laws and public policy of the forum state and the rights of its residents will not be violated. *Banyan Licensing, Inc. v. Orthsupport Int'l, Inc.*, No. 3:00CV7038, 2002 WL 31059365, at *1 (N.D. Ohio Aug. 15, 2002). Noting that other courts have consistently extended comity to Canadian bankruptcy proceedings and that the BIA contains a procedure similar to that under the United States Bankruptcy Code, the Court granted Contech's motion for a stay pending its bankruptcy proceedings. (Opinion & Order at 5, ECF No. 42 (citing *Badalament*, 265 B.R. at 736–37; *Banyan Licensing*, 2002 WL 31059365, at *2; *In re Davis*, 191 B.R. 577, 587 (Bankr. S.D. N.Y. 1996); *Cornfield v. Investors Overseas Services. Ltd.*, 471 F. Supp. 1255, 1259 (S.D. N.Y. 1979)).)

Despite Zobel's assertion that he could seeks recovery from non-party Great American if he secures a judgment against Contech, the Court finds this scenario too attenuated to overcome the customary practice of extending comity to foreign bankruptcy proceedings and staying a case until their completion. The Court agrees that Zobel remains free to pursue any future judgment it might obtain against Contech from its insurance company after the Canadian bankruptcy

proceedings have concluded and this case is subsequently reopened. Accordingly, the Motion for Reconsideration is **DENIED**.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration or, in the Alternative, to Lift the Stay is (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED.**

_3 -20-2017_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**